# 19-CV-01869 JRC

SEA098183 /Summons issued

_____ FILED        _____ ENTERED
_____ LODGED      _____ RECEIVED

**NOV 18 2019  GT**

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY      WESTERN DISTRICT OF WASHINGTON
DEPUTY

In Re the interest of:

Tort Claim- Under the

COLOR OF LAW Title 18, U.S.C Section 242

For

Stephanie Taylor, (N F) minor Sandra Brown

Including children JD, ND, RD, ED ND(minors)


Stephanie S Taylor as Personal Representative *(Pro se)*


*Vs.*

The State of Washington

Department of Juvenile, Youth and Families Services-FAR and CPS Department

Ross MacDougall, Paula Mckerchie, Debbie Lynn, Kui Hug, Amanda Verla and Ciara Murphy

&

Olympia Police Officers Ryan Donald-  Et al

Involved within such Writ of Habeas Corpus


Tort Claim supporting Statements, laws, statues rules and regulations

## **Table of Contents**

I.    Table of Authorities…………………………… Pg. 3,4

II.   Statues of Laws……………………………….Pg. 5

III.  Rules & Regulations……………………………… Pg. 6

IV.   Identity and Interest……………………………… Pg. 7, 8

V.    Issue…………………………………………Pg. 9, 10, 11, 12

VI.   Introduction…………………………………Pg., 14, 15

VII.  Statement of Case……………………………….Pg. 16, 17, 18, 19, 20, 21 & 22

VIII. Argument……………………………………… Pg. 23, 24, 25, 26, 27 & 28


A.    Other Authorities………………… Pg. 29, 30, 31 & 32

B.    Conclusion………………………… Pg. 33, 34,35 & 36

<u>Civic cases involving parties</u>

*Sandra Brown-***Petitioner** *Vs.* **Respondent**-Elmer Dimas.............................................................................................

Thurston Superior Family Juvenile Court case **17-2-30430-34, 06-01-2017**


*Stephanie Taylor-***Petitioner** *Vs.* **Respondents-***Sandra Brown & Elmer Dimas*.........................................................................................

Thurston Superior Family Juvenile Court case **17300953-34, 07-21-2017**


*Stephanie Taylor-* **Petitioner** *V.* **Respondents** *Sandra Brown & Elmer Dimas*.........................................................................................

Thurston Superior Family Juvenile Court case **17300953-34, 08-04-201**


*Stephanie Taylor-* **Petitioner** *Vs.* **Respondents** *Sandra Brown & Elmer Dimas*.........................................................................................

Thurston Superior Family Juvenile Court case **17300953-34, 08-14-2017**


*Stephanie Taylor-* **Petitioner** *Vs.* **Respondents** *Sandra Brown & Elmer Dimas*.........................................................................................

Thurston Superior Family Juvenile Court case **17300953-34, 08-28-2017**


*Stephanie Taylor-* **Petitioner** *Vs.* **Respondents** *Sandra Brown & Elmer Dimas*.........................................................................................

Thurston Superior Family Juvenile Court case **17300953-34, 09-18-2017**

*Stephanie Taylor-* **Petitioner** *Vs.* **Respondents** *Sandra Brown & Elmer Dimas*.........................................................................................

Thurston Superior Family Juvenile Court case **17300953-34, 10-24-2017**


*Stephanie Taylor-* **Petitioner** *Vs.* **Respondents** *Sandra Brown & Elmer Dimas*.........................................................................................

King County Superior Court case **17-3-06504-1, 10-25-2017**


*Stephanie Taylor-* **Petitioner** *Vs.* **Respondents** *Sandra Brown & Elmer Dimas*.....................................................................................

Thurston County Superior Court case                    **10-27-2017**


*Dolores Taylor-* **Petitioner** *Vs.* **Respondents** *Sandra Brown & Elmer Dimas*......................................................................................

King County Superior Court case   **17-28380-1, 11-01-2017**


*Stephanie Taylor-* **Petitioner** *Vs.* **Respondents** *Sandra Brown & Elmer Dimas*.....................................................................................

King County Superior Court case **17-2-28485-8,11-02-2017**


*Stephanie Taylor-* **Petitioner** *Vs.* **Respondents** *Elmer Dimas & Sandra Brown Rep by Attorney Geoffrey Cross* case COA Division I- **778064, 12-14-2017**


*The State of Washington –* **Petitioner** *Vs.* **Respondent** *Dimas*.....................................................................................

King County Superior Court case **18-1-01123-6, 01-19-2018**

## II. Statues of Laws

R.C.W. 26.44.020...................................................................................

R.C.W. 7.69.020.....................................................................................

R.C.W. 13.34.020...................................................................................

R.C.W. 9A.16.090...................................................................................

R.C.W. 26.44.010...................................................................................

R.C.W. 26.44.100...................................................................................

R.C.W. 26.44.290...................................................................................

R.C.W. 26.44.040...................................................................................

R.C.W. 26.44.063...................................................................................

R.C.W. 26.44.050...................................................................................

R.C.W. 26.44.035...................................................................................

R.C.W. 26.44.140...................................................................................

R.C.W 26.44.061....................................................................................

R.C.W. 26.44.270...................................................................................

R.C.W. 26.44.280...................................................................................

R.C.W. 26.44.030...................................................................................

R.C.W 7.36.030......................................................................................

R.C.W 7.36.040......................................................................................

R.C.W. 26.44.061...................................................................................

### III. RULES & REGULATIONS

**WAC 388-15-009** *what is Child Abuse or Neglect*..............................................................

**WAC 388-15-021** *How does CPS respond to reports of alleged child abuse*...................................................

**WAC 388-15-001** *what is the Child Protective Service Program*..............................................................

**WAC 388-15-013** *who may receive child protective Services*...............................................................

**WAC 388-15-017** *what is the responsibility of CPS regarding reports of abuse or neglect*.......................................................

**WAC 388-15-037** *under what circumstances may CPS place a child in out-of-home care*.......................................................

**WAC 388-15-053** *What steps must the department take to provide an opportunity for the parent(s), guardian, or legal custodian(s) to review case information*..............................................................

IV.    Identity and Interest of Plaintiffs Stephanie Taylor obo D (minors 5) and F Child (1) and Sandra Brown as Personal Representative.

This statement is typed up to support the Tort claim brought by Stephanie Taylor as said legal personal Representatives of, N F, against The State of Washington Children Protective's Services, Family Assessment Response (FAR) and Olympia PD.

Stephanie Taylor is the guardian of (NF) Stephanie Taylor is a certified and trained mandated reporter to recognize and report signs of abuse against any vulnerable child or adult. It is in the best interest of NF that Ross MacDougall, Paula Mckerchie, Ciara Murphy and Amanda Verla of The State of Washington Department of Children, Youth and Families Children Protective Services and Family Assessment Response be held accountable for their malice, poor investigating and inability to accurately assess the (D) children physical abuse and sexual assault and their failure to investigate Wade Funkhouser for (NF) case of alleged abuse.

## V. ISSUE

Did (JD) Case of serve physical child abuse warrant a full investigation by CPS and not FAR

specialist? Was FAR specialist Paula Mckerchie appropriately assigned to (JD) case of serve

physical child abuse? Did CPS Supervisor Ross MacDougall and FAR Social workers Paula

Mckerchie act in malice & negligence by appearing within Ms. Taylors civic cases of Non-

Parent custody on 8-4-2017, 8-14-2017, 8-28-2017, 8-29-2017 without being Subpoena in

accordance **RCW 5.56.010 or RCW 5.51.020** to provide verbal testimony to support the

perpetrator Elmer Dimas. Did Ross MacDougall and Paula Mckerchie have (JD) and (ND)

extracted from Stephanie Taylors care on 9-4-2017 or 9-5-2017 through providing Olympia PD

with a motion for a Writ of Habeas Corpus? Did Ross MacDougall and Paula Mecherkie provide

numerous of false testimonies within Stephanie Taylor's Civic matter by appearing in court on

**08-29-2017** to place (JD) back in the care of Elmer Dimas whom is J abuser and Sandra Brown

who is Joshua's Biological mother whom resided at the abuser's home during the time of the

court exchange on **08-29-2017**?  Did Olympia PD have the legal authority to show up at

Stephanie Taylor's residence with 6 officers and a 1 man batter ram to batter ram Stephanie

Taylor residence in order for them to extract (JD) out of Stephanie Taylors care through a

**motion for a writ of Habeas corpus** and not a legit writ properly filed through Thurston County

Sheriff's office? Was Olympia PD trying to prosecute Stephanie Taylor under a malicious

prosecution through police report 2017-01072? Did Olympia PD failed to protect Stephanie

Taylor according to COLOR OR LAW under such restraining order case 16-2-3077-34.

Stephanie Taylor is the protected party within such case of 16-2-3077-34 but not according to the

way Olympia PD redacted Wade Funkhouser's information within police report case 2017-01072 at first glance makes Wade seems like the protected party. Being that Wade is an abuser which was proven through an 82-day trial of domestic violence and a year trial of such parenting plan case visitation was revoked due to thus open sexual abuse case cps failed to investigate Wade Funkhouser. As of 11-29-2018 Wade Funkhouser is still restrained from (NF) through such parenting plan case filed within Thurston County Family Juvenile Superior court on 02-07-2017.

Does and Order for CPS to release Records, Permit or allows CPS supervisor Ross MacDougall to provide verbal testimony to the courts without petitioner being present or informed of such hearing being held? Did Ciara Murphy violate Ms. Taylors Constitutional rights in accordance to the XIV (14th) Amendment by typing up false allegations of child abuse against Ms. Taylor without conducting a proper investigation in order to allow Elmer Dimas to be able to submit a false written report within our civic case 17300953-34 of Non- Parent Custody? Did Amanda Verla Violate Ms. Taylor and (NF) constitutional rights in accordance to **RCW 26.44.030** on 04-10-2018 by questioning (NF) at her School without notifying Ms. Taylor? Did Ms. Taylor kindly plead the 5th Amendment and 14th Amendment in writing by stating no social worker shall question her children without her knowledge or physical presence on 05-05-2017? Is Ms. Taylor's children property of the State of Washington? Did Ms. Taylor request that any further alleged claims of child abuse being reported through the intake line and being investigated by CPS or FAR specialist be brought straight before a trial judge to explain false reporting by CPS falsifying documents within her civic case? Did Ms. Taylor share her high concerns with the head Administer of CPS regarding CPS and FAR specialist placing (JD) and (ND) back into harm's way before they witness their mother Sandra Brown being strangled on 12-19-2017? Did

any of the CPS Social workers investigate Wade Funkhouser for NF alleged sexual abuse? Did

Kui Hug and Debbi Lynn, consider Ms. Taylor's concerns regarding Ross MacDougall and

Paula Mckerchie inability to accurately assess the D children case of child abuse in accordance

to **RCW 26.44.290** Near Fatalities- Review of case Files? Did Amy Page Ciara Murphy's

supervisor follow protocol and procedures in accordance to **RCW 26.44.290?** To determine

erroneous decisions made. Did CPS fulfill their duties within JD child abuse case which occurred

on or between the dates of 05-19-2017 and 05-26-2017 in accordance to **WAC 388.15.017?**

## VI. <u>INTRODUCTION</u>

The Plaintiffs Stephanie Taylor as acting personal representative on behalf of the JD, ND, RD,

ND, NF respectfully ask that this Tort Claim being filed under the Color of Law act, to hold

The Department of Juvenile, Youth and Families Services also known as The State of

Washington Department of Social and Health Services-CPS & FAR social workers Paula

Mckerchie, Ciara Murphy, Supervisor Ross MacDougall, Amanda Verla, Debbie Lynn, Kui Hug

and Olympia PD and all who disregarded Stephanie Taylors plea for help accountable for

violation of the (D)minors children and (N F) minor constitutional rights in accordance to 42.

U.S.C. 1983 solely by virtue of CPS and FAR specialist negligence and Malice.

The questions posed within this typed up Tort Claims statement raises significant policy, RCW,

Rules, Regulations and Constitutional violation concerns in which have cost the (D) children

their safety and violation of their human rights. Also deprived (N F) of her just due process by

CPS failing to investigate (NF) biological father Wade Funkhouser for case 476349 of child

abuse. In a Non- Parent Dependency Case, the goal of the proceeding is to reconstruct the family

unit, during which time children are placed in temporary placements while their parents attempt

to remedy their parental deficiencies. Placements with relatives or others who have an existing

relationship with the child are strongly encouraged in order to reduce trauma experienced by the

children who are removed from their parent's care. On or between the dates of 05-19-2017 and

05-26-2017 (JD) at the age of 3.5 years old was critically beaten up by his biological father

Elmer Dimas which landed (JD) in Capital Medical Hospital on 05-26-2017 and Police being

contacted. In July of 2017 Stephanie Taylor placed and Intake call to CPS regarding her daughter

displaying inappropriate sexual behavior in which (NF) stated she has learned at her dad's house.

## VII. Statement of the Case

May 19-2017- May 26-2017 (JD) was critically physically abused by Elmer Dimas while he was

in the care of Sandra Brown. 5-26-2017 I drive (JD) and Sandra Brown to Capital Medical

Hospital and request for police assistance. Olympia Police report 2017-03032 was generated. On

5-30-2017 I place an intake phone call to the end-HARM child abuse line after I never received a

follow up phone call from Olympia PD. Paula Mckerchie FAR specialist came out to my home

in Olympia on 5-31-2017. Sandra Brown, (JD) and Stephanie Taylor met Paula Mckerchie at the

Sexual Assault Clinic & Child Maltreatment Center located in Olympia, WA. Page 3 of 8 also

listed as page 1 of 5 Sexual Assault Clinic Evaluation list of Concerns states- (JD) came home

from dad's house on 5-26-2017 with large tennis ball sized knot on his forehead, 2 black eyes, a

rug burn type abrasion on his cheek and a large bruise on his spine. Joshua is complaining of

nose pain and says my back and tummy hurts. Joshua points to his face and says, "That's where

daddy hit me" daddy is alleged offender Elmer Dimas Jr. 35 years old. Page 5 of 8 Providence

sexual assault clinic report which also listed as page 3 of 5 Sexual Assault Evaluation- (JD) was

asked who hurt him; (JD) response was my dad. Page 6 of 8 also listed as page 4 of 5 Sexual

Assault Clinic Evaluation under Discussion states- (JD) has patterned facial bruising on his

cheeks and under his chin indicative of non-accidental trauma. Page 7 of 8 also listed as page 5

of 5 Sexual Assault Clinic evaluation states it is imperative that (JD) is cared for in a safe and

nurturing environment, with the hope that no further trauma occurs. On July 7th, 2017 Sandra

Brown Flees my home in Olympia with her children, I text Paula Mckerchie and share with her

my concerns regarding Sandra Brown go back to her abuser Elmer Dimas. On July 10th, 2017 I

receive an email from Paula Mckerchie requesting I complete a background authorization form.

On July 21st, 2017 case 17-3-00953-34 Stephanie Taylor was granted an immediate restraining

ex parte non- parent custody order against Sandra Brown and Elmer Dimas in which awarded

Stephanie Taylor Temp custody of (JD), (ND), RD and (ND) Thru a Non parental custody case

filed in King County and in Thurston county. On 08-04-2017 Stephanie Taylor vs. Sandra Brown

& Elmer Dimas, petitioner files for a continuance in accordance to RCW Fair Hearing 42.36.110

and 20.05 Grounds for Recusal *Butler* vs. *United States,* 414 A.2d 844(D.C.1980). Also, on 8-4-

2017 Ross MacDougall appeared in court without being subpoena and provides the courts with

his verbal testimony that he supports Sandra Brown and Elmer Dimas being in a physical

relationship, court continued for 8-14-2017. On 08-09-2017 a court order was entered within

case 17300160-34 for Amy Eppler to investigate child abuse case intake call reported by

Stephanie Taylor concerning (NF) biological father. On 8-14-2017 Commissioner Kratz

continued case 17300953-34 to allow Stephanie Taylor to serve Elmer Dimas by mail,

Commissioner Kratz also requested in writing that CPS provide a full FTDM report for all the

Dimas children on the next court date of 08-28-2017. On 08-15-2017 I serve CPS social worker

Amy Eppler all of Sandra Browns & Elmer Dimas domestic violence police reports so she may

give them to Paula Mckerchie. On 8-18-2017 Stephanie Taylor take (JD) to Behavioral Health

Resources where he was diagnosed with P.T.S.D. I email Kui Hug Head Administrator of CPS

on 8-14-2017, 08-15-2017, 08-24-2017, 08-25-2017, 09-07-2017, 12-8-2017 and 12-21-2017

sharing my grave concerns regarding CPS Supervisor Ross MacDougall showing up within my

civic case without being subpoena and FAR social worker Paula Mckerchie inability to

accurately assess (JD) case of abuse within his home. On 08-28-2017 Ross MacDougall

appeared within my civic case again without being subpoena; Indu Thomas dismisses Ross

MacDougall for showing up in court in an inappropriate manner for not providing the petitioner-

Stephanie Taylor due notice or for not appearing on the proper calendar setting. On 08-29-2017

Stephanie Taylor spends 2 hours being interrogated by Tacoma PD Detective Stanley because Ross MacDougall and Paula Mckerchie tried to convince the detectives that Joshua Dimas was in my physical care during the time of his injuries that occurred on or between the dates of 05-19-2017 and 05-26-2017. Also on 08-29-2017 Ross MacDougall & Paula Mckerchie appear within Thurston County Superior Court case 17300953-34 to request a writ of habeas corpus be signed in Sandra Browns and Elmer Dimas favor to award Sandra Brown back custody of her children even though she was residing at Elmer Dimas Residence of Federal way WA after fleeing (my at that time) Olympia home. On 8-30-2017 Stephanie Taylor files for reconsideration of Commissioner Thomas decision made on 08-29-2017 due to Stephanie Taylor not being notified of court on 08-29-2017 and the fact that Sandra Brown was living with her abuser. On 09-05-2017 Olympia PD show up to Stephanie Taylor Olympia residence with 6 officers with 1 of them hold a 1-man batter ram about to break down my front door. Olympia PD extracted Joshua without a proper Writ of Habeas Corpus on the accord of FAR social worker Paula Mckerchie. In accordance to RCW 7.36.030 Petition—Contents- Application for the writ shall be made by petition, signed and verified either by the plaintiff or by some person in his or her behalf, and shall specify: (1) By whom the petitioner is restrained of his or her liberty, and the place where, (naming the parties if they are known, or describing them if they are not known). (2) The cause or pretense of the restraint according to the best of the knowledge and belief of the applicant. (3) If the restraint be alleged to be illegal, in what the illegality consists. A petition for a writ of Habeas Corpus was never filed within case 17300953-34. A motion for the writ of Habeas Corpus was signed by Commissioner Indu Thomas on 08-29-2017 and enforced by Olympia PD on 09-05-2107. RCW 7.36.040-Who may grant writ.

On 09-06-2017 I file and written complaint letter to the Governor's filed a complaint with DCYF

Constituent Relations office located in Olympia and the Tukwila Ombudsmen in which I was

told that none of these agencies could protect my civic rights from being violated and I needed to

hire a private lawyer.  Also, on 09-06-2017 I file a complaint with OCRComplaint@hhs.gov. On

09-07-2017 I email the ATG Regarding DSHS/CPS inability to accurately assess my nephew's

cases of physical child abuse. I even referenced House Bill 1661 of The Department of Youth

and Families services. On 09-08-2017 I email Debbie Lynn Regional Head Administrator of CPS

regarding Kui Hug, Ross MacDougall and Paula Mckerchie refusal to listen to my children's

cries for help. On 09-18-2017 case 17300953-34 was continued. On 10-24-2017 Stephanie

Taylor the Petitioner for Non-Parent Custody case 17300953-34 was denied due to Ross

MacDougall and Paula Mckerchie stating on the record that they had concerns regarding

petitioners' home. Paula Mckerchie and Ross MacDougall concerns arose due to Elmer Dimas

soliciting false statements of hearsay in which Ross and Paula believed. On 10-25-2017

Stephanie Taylor files an ex parte Non-Parent Custody order out of King County Superior Court

case 17-3-06504-1 because Respondent Sandra Brown moved to King County to escape FAR

specialist Paula Mckerchie. On 11-02-2017 Dolores Taylor, Sandra Brown's mother files for an

ex parte order case 17-2-28485-8 to protect Joshua and the rest of the Dimas children from

further abuse while they were placed back into Sandra Brown's care by Ross MacDougall and

Paula Mckerchie. On 11-07-2017 case 17-3-06504-1 gets dismissed due to Geoffrey Cross

misrepresentation of the case and Paula Mckerchie failure to investigate (JD), (ND) (RD) and

(NF) case of physical child abuse. On 12-8-2017 I send 7 emails to Diane, Craker expressing my

grave concerns regarding Ross MacDougall and Paula Mckerchie showing up within my civic

cases without being subpoena. On 12-19-2017 Elmer Dimas strangles Sandra Brown, threatens

explanation be provided to me as to what went wrong within my nephew's cases of child abuse and how come my daughter case of alleged child abuse was never properly investigated? On 1-19-2018 Elmer Dimas was arrested for the assaults he committed against Sandra Brown, (JD) minor (ND) minor back in December of 2017 case 18-1-01123-6 out of King County Superior Court was generated. On April 10- 2018 Amanda Verla interrogated Stephanie Taylor 5-year-old daughter (NF) at her school without Stephanie Taylor being contacted. Since CPS and FAR specialist tried to falsely incriminate Stephanie Taylor for the physical abuse of (JD) that occurred on or between the dates of 05-19-2017 and 05-26-2017 on various of levels from false reporting to providing verbal testimonies in court without having any legal precedence to do so; Stephanie Taylor requested in writing on 04-05-2018 that any future cases of alleged child abuse against her be brought straight before a trial judge. Stephanie Taylor pleaded the 5th Amendment and the 14th Amendment via e-mail and requested that Amanda Verla have not investigate any of the Plaintiffs children until a court order provided a Forensic specialist trained to asks questions regarding allegations of abuse in a non-coaching manner to secure Stephanie Taylor's constitutional rights so CPS would not be able to falsely incriminated as they did last year of 2017.

## VII.ARGUMENT

Every person who, under color of any statue, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects,, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken is such officers judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purpose of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia 42 U.S.C. Code S 1983- Civil Action for deprivation of rights.

(JD)(ND)(RD)(ND)(ED) and (NF), were entitled to have their alleged abusers investigated by law enforcement and the Department of Social Health and Services. In accordance to RCW 26.44.050- upon the receipt of a report concerning the possible occurrence of abuse or neglect, the law enforcement agency or the Department of Social and Health Services must investigate and provide the protective services section with a report in accordance with chapter 74.13-. As a Guardian and mandated reporter to the (D) children(s) and (NF) why wasn't anyone within the Department of Children Protective Services or Family Assessment Response team reviewing the police reports that Stephanie Taylor had provided to them surrounding Elmer Dimas and Wade Funkhouser's background history of domestic Violence? Why was Paula Mckerchie assigned to (JD) case of serve physical child abuse? According to HB 1661 The CA responds to allegations of abuse and neglect, offers child welfare services to families, and licenses foster homes, among other things. The CA screens allegations of abuse and neglect and determines whether a response

whether a response is necessary, and if so what the appropriate response should be. If a child

abuse or neglect allegation meets the criteria for a response, the case will be assigned to either

Child Protective Services (CPS), the Family Assessment Response program, or to the Division of

Licensing Resources. Serious allegations of child abuse or neglect will receive a CPS

investigation within 24 hours. Allegations with low to moderately low risk of child abuse or

neglect will receive a response from the Family Assessment Response program within 72 hours.

The CA offers voluntary services to parents through the Family Voluntary Services program.

The CA may also seek court intervention to approve out-of-home placement for children, request

that parents engage in services to correct parental deficiencies, and to terminate parental rights in

cases where parents do not correct their deficiencies and failed to do her job. On 08-14-2017, 08-

15-2017, 08-18-2017, 08-24-2017 and 12-21-2017 I emailed Kui Hug the Head Administrator of

CPS. On 09-08-2017, 01-18-2017 Stephanie Taylor emails Debbie Lynn regarding Paula

Mckerchie inability to accurately assess when a mother is covering up the abuse of her children

out of her own fears of what the abuser would do to her. Why didn't Debbie Lynn or Kui Hug

review thus Dimas files to see what erroneous errors had transpired? RCW 74.13.031(3)The

department shall investigate complaints of any recent act or failure to act on the part of the parent

or caretaker that results in death, serious physical or emotional harm , or sexual abuse or

exploitation, or that presents an imminent risk of serious harm, and on the basis of the findings of

such investigation, offer child welfare services in relation to the problem to such parents, legal

custodians, or persons serving in loco parentis, and /or bring the situation to the attention of an

appropriate court, or other community agency. RCW 74.13.031(4) as provided in RCW

26.44.030(11), the department may respond to a report of child abuse or neglect by using the

family assessment response. What about the children who are dying as a result of their parents

not reporting their partners abusing them- The State of Washington verses DeAndre Glaspy obo of Moses Ausler 2017? Does the Family Assessment Response really give children such as (JD), (ND) or even Moses Aussler- dead minor who had been critically physically, sexually and emotionally abused (in which for some results in the child's death by their parents or by their parent's partners) the legal voice to advocate their rights that they are entitled too? In accordance to RCW 26.44.010 The Washington state legislature finds and declares: The bond between a child and his or her parent, custodian, or guardian is a paramount importance, and any intervention into the life of a child is also an intervention into the life of the parent, custodian or guardian: however, instances of non-accidental injury, neglect, death, sexual abuse and cruelty to children by their parents, custodians or guardians have occurred, and in the instance where a child is deprived of his or her right to conditions of minimal nurture, health, and safety, the state is justified in emergency intervention based upon verified information; and therefore the Washington state legislature hereby provides for the reporting of such cases to the appropriate public authorities. It is the intent of the legislature that, as a result of such reports, protective services shall be made available in effort to prevent further abuses, and safeguard the general welfare of such children. When the child's physical or mental health is jeopardized, or the safety of the child conflicts with the legal rights of a parent, custodian, or guardian, the health and safety interest of the child should prevail. When determining whether a child and a parent, custodian, or guardian should be separated during or immediately following an investigation of alleged child abuse or neglect, the safety of the child shall be the department's paramount concern. If the departments paramount concern is to protect the children at all cost even from their parents how did assigning FAR specialist's Paula Mckerchie and Ciara Murphy to (JD) child abuse case protect his rights?  08-30-2017 Did Ciara Murphy type up a false statement on a

plain piece of printer paper without any RCW's listed stating that the only time she witnessed bruising on (JD) was during the time (JD) was within Stephanie Taylor's physical care. RCW 74.13.031 (b) In the Family Assessment Response, the department shall not make a finding as to whether child abuse or neglect occurred. No one shall be name as a perpetrator and no investigation finding shall be entered in the department's child abuse or neglect database. Did the motion for a Writ of Habeas Corpus in which Ross MacDougall and Paula Mckerchie appeared within case 17300953-34 to support Elmer Dimas and Sandra Brown having custody of their children was it a real means of legal tender in which Olympia PD enforced on 09-05-2017. In accordance to RCW 7.36.030 Petition—Contents.-Application for the writ shall be made by petition, signed and verified either by the plaintiff or by some person in his or her behalf, and shall specify: (1) By whom the petitioner is restrained of his or her liberty, and the place where, (naming the parties if they are known, or describing them if they are not known). (2) The cause or pretense of the restraint according to the best of the knowledge and belief of the applicant. (3) If the restraint be alleged to be illegal, in what the illegality consists. A petition for a writ of Habeas Corpus was never filed within case 17300953-34. A motion for the writ of Habeas Corpus was signed by Commissioner Indu Thomas on 08-29-2017 and enforced by Olympia PD on 09-05-2107. RCW 7.36.040-Who may grant Writ: -Writs of habeas corpus may be granted by the Supreme Court, the court of appeals, or superior court, or by any **judge** of such courts, and upon application the writ shall be granted without delay.

## A. Other Authorities

42. U.S.C.1983

Constitution of the United States of America 1789 (rev.1992)

42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)

XIV Amendment

R Authorities

The Fourteenth Amendment (Amendment XIV) to the United States Constitution was adopted on July 9, 1868, as one of the Reconstruction Amendments. The amendment addresses citizenship rights and equal protection of the laws and was proposed in response to issues related to former slaves following the American Civil War. The amendment was bitterly contested, particularly by the states of the defeated Confederacy, which were forced to ratify it in order to regain representation in Congress.

The Fourteenth Amendment, particularly its first section, is one of the most litigated parts of the Constitution, forming the basis for landmark decisions such as Brown v. Board of Education (1954) regarding racial segregation, Roe v. Wade (1973) regarding abortion, Bush v. Gore (2000) regarding the 2000 presidential election, and Obergefell v. Hodges (2015) regarding same-sex marriage. The amendment limits the actions of all state and local officials, including those acting on behalf of such an official.

The amendment's first section includes several clauses: The Citizenship Clause, Privileges or Immunities Clause, Due Process Clause, and Equal Protection Clause. The Citizenship Clause provides a broad definition of citizenship, nullifying the Supreme Court's decision in Dred Scott v. Sandford (1857), which had held that Americans descended from African slaves could not be citizens of the United States. The Privileges or Immunities Clause has been interpreted in such a way that it does very little.

The Due Process Clause prohibits state and local government officials from depriving persons of life, liberty, or property without legislative authorization. This clause has also been used by the

federal judiciary to make most of the Bill of Rights applicable to the states, as well as to recognize substantive and procedural requirements that state laws must satisfy.

The Equal Protection Clause requires each state to provide equal protection under the law to all people, including all non-citizens, within its jurisdiction. This clause has been the basis for many decisions rejecting irrational or unnecessary discrimination against people belonging to various groups.

The second, third, and fourth sections of the amendment are seldom litigated. However, the second section's reference to "rebellion and other crime" has been invoked as a constitutional ground for felony disenfranchisement. The fourth section was held, in Perry v. United States (1935), to prohibit a current Congress from abrogating a contract of debt incurred by a prior Congress. The fifth section gives Congress the power to enforce the amendment's provisions by "appropriate legislation"; however, under City of Boerne v. Flores (1997), this power may not be used to contradict a Supreme Court decision interpreting the amendment.

## B. Conclusion

JD and ND were being physically and sexually abused by their biological father Elmer Dimas while they were in the care of Sandra Brown. CPS and FAR specialists failed to investigate and convict Elmer Dimas Case for physically assaulting JD and ND on several of occasions. CPS failed NF by not investigating Wade Funkhouser for the allegations of sexual child abuse cps case 476349. On 18-01123-6KNT trial date set for 05-07-2018 Elmer Dimas is being prosecuted by the State of Washington for straggling Sandra Brown while threaten to cut their unborn child out of her and for assaulting JD and ND on 12-19-2017. Was JD severely beaten up between the dates of 5-19-2017 to 5-26-017 by his father Elmer Dimas? According to Sexual Assault Maltreatment Clinic Evaluation located in Olympia, WA JD gives verbal testimony to the clinician that his dad assaulted him. JD showed multiple contusions one being on his forehead the size of a tennis ball, 2 black eyes, rug burn abrasions and non-accidental bruising underneath his neck area and up and down his spinal cord as well as bruising on his arms & legs. Ross MacDougall and Paula Mckerchie did act in Malice by appearing within the plaintiff's civic case to provide verbal testimony to support the abuser without providing proper notice on 08-04-2017-, 08-14-2017 ,08-28-2017 and 08-29-2017. In accordance to RCW 5.556.010 when witnesses must attend- Any person may be compelled to RCW 5.51.030 a subpoena issued by a clerk under. Is an Order for DSHS/ CPS to release records to the court the same as giving one legal precedence to verbally testify in court without providing proper notice to the Petitioner/Respondent? Ciara Murphy did falsely submit false written claims of child abuse not allowing petitioner- Stephanie Taylor her due process to exercise her constitutional rights under the 14th Amendment. Amanda Verla did not have the legal authority to interrogate 5-year-old NF NOW 6 GOING ON 7) on school grounds after Ms. Taylor placed in writing to be brought to

court and pleaded the 5th Amendment and the 14th Amendment based on CPS submitting a false written testimonies, verbal testimonies, falsely trying to prosecute Ms. Taylor and CPS inability to accurately assess the D and F abuse cases last year of 2017.

Olympia PD violated such laws by enforcing a writ of Habeas corpus that was not properly filed with the Thurston County sheriff's office in September of 2017. Olympia PD abused their power when they tried to prosecute Stephanie Taylor under a felony child custody case when Stephanie Taylor had filed her parenting plan to remove visitation that had been forced into her restraining order. CPS failed Stephanie Taylor as a mandated reporter, JD & ND auntie and (NF) Funkhouser's mother by trying to have Stephanie Taylor convicted for her nephews' child abuse that occurred on or between the dates of 05-19-2017 and 05-26-2017 when Stephanie Taylor was the only one reporting the children's abuse. When certain laws, rules and regulations are not being met within the standards that governs the citizens constitutional rights and the citizens such as Stephanie Taylor follow certain protocols and procedures within the chains of commands to voice their concerns as according to our first amendment, our 14th amendment, RCW 26.44.010 and rights of a child RCW 13.34.020 yet no one is listening to the citizens such as Stephanie Taylor's pleas for help until a child ends up dead, then what are we the citizens left to do?

Stephanie Taylor

_Stephanie Taylor_  11-15-19

_Sandra Brown_  11-15-19

Sandra Brown