UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE TAYLOR, et al,,

    Plaintiff,

v.

THE STATE OF WASHINGTON
DEPARTMENT OF JUVENILE YOUTH
AND FAMILY SERVICES, et al,

    Defendant.

CASE NO. 2:19-cv-01869 RAJ-JRC

ORDER ON PLAINTIFF'S
MOTION TO APPOINT COUNSEL

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to General Order 02-19. *See* Dkt. 24. Before the Court is *pro se* plaintiff Stephanie Taylor's Motion to Appoint Counsel. Dkt. 2. Because the likelihood of plaintiff's success on the merits cannot be determined at this early stage, plaintiff's motion is denied.

There is no constitutional right to appointed counsel in a civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing

former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Plaintiff states that she has "called several different attorneys" since 2017. Dkt. 2, at 2. Plaintiff also states that she contacted the Office for Civil Rights and was "[referred] to state complaint/ombudsman . . . [and] I was told by the ombudsman that they don't protect my civil rights." Dkt. 2, at 2. Plaintiff also states that she filed a complaint with "DCYF constituent relations as well [and] they did nothing." Dkt. 2, at 2.

Plaintiff has not demonstrated that exceptional circumstances are present in her case. She has filed her claim without any initial filing deficiencies (*see* Dkt. 1), submitted a motion to appoint counsel (*see* Dkt. 2.), and successfully served seventeen defendants (*see* Dkts 3-17). While a *pro se* plaintiff's pleadings should be liberally construed, it is incumbent on plaintiff to demonstrate "exceptional circumstances" in order to obtain court-appointed counsel. Therefore, she has demonstrated that, at this stage, she is able to articulate her claims. *Wilborn*, 789 F.2d at 1331. Moreover, defendants have not yet submitted an answer to the complaint, and it is too early to determine whether plaintiff is likely to succeed on the merits of her claim. *Id.*

Accordingly, plaintiff's Motion to Appoint Counsel (Dkt. 2) is DENIED.

Dated this 20th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge