UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE TAYLOR, *et al.*,

    Plaintiffs,

v.

THE STATE OF WASHINGTON
DEPARTMENT OF JUVENILE
YOUTH AND FAMILY SERVICES -
FAR AND CPS DEPARTMENT, *et al.*,

    Defendants.

CASE NO. 2:19-cv-01869-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: April 24, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and MJR 1, 3, and 4. Before the Court is certain defendants' motion to dismiss. Dkt. 20. Because plaintiff has now filed an amended complaint, the motion to dismiss is moot and should be denied.

## BACKGROUND

Plaintiff brought suit in November 2019. Although her initial complaint is somewhat unclear, it appears that plaintiff intended to bring claims on behalf of five minor children against Washington State's Department of Juvenile, Youth, and Family Services, a variety of social workers, and members of the Olympia Police Department. Dkt. 1, at 11. Her claims generally

REPORT AND RECOMMENDATION - 1

1 concerned a failure to investigate alleged child abuse perpetrated against the children she seeks to represent.  *See* Dkt. 1, at 17.

Plaintiff's motion for the appointment of counsel was denied.  *See* Dkt. 29.  Plaintiff attempted to serve defendants, who filed notices of appearance.  *See* Dkt.  Defendants Olympia Police Department and police officers ("Olympia Defendants") have filed a motion to dismiss the claims against them with prejudice.  *See* Dkt. 20.

Plaintiff then filed an amended complaint on behalf of herself, Sandra Brown, and six minors, appearing to assert claims against police officers Ryan Donald, Josh Marcuson, J. Black, "Officer Cavalieria," Kerwood, Smith, Ciara Murphy, Ross MacDougal, Paula "McKerchie/McJohnson," Debbie Lynn, Kui Hug, and Amanda Varela.  *See* Dkt. 28, at 1, 8.

Olympia Defendants have filed their reply in support of their motion to dismiss, in which they argue that the amended complaint should be dismissed.  *See* Dkt. 34.

**DISCUSSION**

Olympia Defendants' motion to dismiss is moot because plaintiff has filed an amended complaint.  *E.g.*, *Smith v. Dream Forge Entm't LLC*, No. C19-1003-RSL-MAT, 2019 WL 5535727 (W.D. Wash. Oct. 25, 2019).  Although plaintiff did not request leave to amend her complaint, she filed her amended complaint within 21 days of the motion to dismiss, when she was entitled to amend her complaint as of right.  *See* Dkts. 20, 27; Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff's amended complaint is therefore now the operative complaint in this matter.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010).

Moreover, although Olympia Defendants address the amended complaint in their reply in support of the motion to dismiss, their arguments should have been made in a new motion to dismiss.  Such does not offer plaintiff a meaningful opportunity to respond to the "new" motion

1  to dismiss.  *See* Local Civil Rule 7(g) (requiring notice of a surreply and limiting such to three
2  pages).  Failure to file a second *Rand* notice also deprived plaintiff of fair notice that her
3  previous submission and amended complaint would not be enough to oppose a renewed motion
4  to dismiss.  *See Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (fair notice required a
5  second *Rand* notice after supplemental briefing on a summary judgment motion was ordered).

## CONCLUSION

For the reasons set forth above, the Court recommends denying Olympia Defendants' motion to dismiss (Dkt. 20) as moot and without prejudice to their ability to file a renewed motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 24, 2020** as noted in the caption.

Dated this 24th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge