UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE TAYLOR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF WASHINGTON DEPARTMENT OF JUVENILE YOUTH AND FAMILY SERVICES - FAR AND CPS DEPARTMENT, *et al.*, <br><br> Defendants. | CASE NO. 2:19-cv-01869-RAJ-JRC <br><br> SCHEDULING ORDER |

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and MJR 1, 3, and 4.

The Court has reviewed the parties' Joint Status Report. *See* Dkt. 38. A trial date will be set by the assigned District Judge, the Honorable Richard A. Jones, if the case is not resolved by settlement or dispositive motion. The Court sets the following pretrial schedule:

| **Event** | **Date** |
|---|---|
| Deadline for joining additional parties | **April 17, 2020** |

SCHEDULING ORDER - 1

| Deadline for amending pleadings | **May 1, 2020** |
|---|---|
| Plaintiff's expert disclosures under Federal Rule of Civil Procedure ("Fed. R. Civ. P") 26(a)(2) | **March 5, 2021** |
| Defendant's expert disclosures under Fed. R. Civ. P. 26(a)(2) | **March 19, 2021** |
| Rebuttal expert disclosures | **April 2, 2021** |
| All motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to LCR 7(d) and LCR 37(a)(2) ||
| Discovery completed by | **June 14, 2021** |
| All dispositive motions must be filed by (*see* LCR 7(d)) | **July 14, 2021** |

This order sets firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

**Counsel are directed to review Judge Jones' Chambers Procedures** at http://www.wawd.uscourts.gov/judges/jones-procedures. Counsel are expected to abide by the requirements set forth therein. Failure to do so may result in the imposition of sanctions.

Links to Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at www.wawd.uscourts.gov.

**Discovery**

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel shall also cooperate in preparing the agreed pretrial order in the format

required by LCR 16.1. The parties shall comply with Judge Jones' chambers procedures regarding discovery disputes.

### Alterations to Filing Procedures

Counsel are required to electronically file all documents with the Court. Information and procedures for electronic filing can be found on the Western District of Washington's website at http://www.wawd.uscourts.gov/attorneys/cmecf. The following alteration to the Filing Procedures applies in all cases pending before Judge Jones:

1. Mandatory chambers copies are required for all e-filed motions, responses, replies, and surreplies, and all supporting documentation relating to motions, regardless of page length.

The paper copy of the documents (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office by 12:00 p.m. on the business day after filing. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers." The parties are required to print all courtesy copies from CM/ECF using the "Include headers when displaying PDF documents" feature under "Document Options." This requirement does not apply to pleadings filed under seal.

### Miscellaneous Matters

The Court has considered plaintiffs' request for discovery phasing in this matter. *See* Dkt. 38, at 2. However, discovery phasing is not appropriate in this case at present. Plaintiffs fail to point to any particular consideration mitigating in favor of phased discovery beyond the "complexity" of this case. *Id.* This case is not complex enough to warrant phasing discovery. Nor does Fed. R. Civ. P. 26(b)(1) "require" discovery phasing, as plaintiffs assert. *Id.*

Plaintiffs also appear to request relief not appropriate in a joint status report. *See* Local Civil Rule 16(a)(2). For instance, they appear to request a Court Order for defendants "to make reasonable accommodations for [p]laintiffs under Federal Rule [of Civil Procedure] 34 to gain access to Copies of Electronically Stored Information relevant to their case." Dkt. 38, at 4. The Court will not rule on this request because the Court will not intervene in discovery matters until there has been a proper request and attempt to meet and confer before seeking Court resolution of a potential discovery dispute. *See, e.g.*, Local Civil Rules 26(f)(3), 37(a)(1).

**Settlement**

If this case settles, Deputy Clerk Kelly Miller, at Kelly_Miller@wawd.uscourts.gov, shall be notified as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

The Clerk is directed to send copies of this Order to all parties of record.

Dated this 14th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge