1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10     STEPHANIE TAYLOR, *et al.*,

11                 Plaintiffs,

12       v.

13     ROSS MACDOUGALL, *et al.*,

14                 Defendants.

CASE NO. 2:19-cv-01869-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 3, 2020

15

16       The District Court has referred this 42 U.S.C. § 1983 civil rights action to the

17 undersigned. *See* Dkt. 24. This matter is before the Court on a motion for summary judgment

18 filed by defendants Ryan Donald, Josh Marcuson, "J-Black," "Cavaliera," "Kerwood, CA" and

19 "Smith, B"—all of whom are allegedly officers of the Olympia Police Department and are

20 referred to as "OPD" defendants herein. *See* Dkt. 28, at 2–4; Dkt. 43.

21       Plaintiff Taylor appears to seek to assert claims on behalf of co-plaintiff Sandra Brown

22 and minor plaintiffs identified as "NF," "JD," "ND," "RD," "ND," and "ED." To the extent that

23 plaintiff Taylor seeks to bring claims on behalf of others against the OPD defendants, those

24

1  claims should be dismissed because a *pro se* plaintiff cannot act as an attorney for others.  As to

2  plaintiff's personal claims, she has come forward with no admissible evidence tending to

3  establish that the OPD defendants violated her Fourteenth Amendment rights when they

4  allegedly filed a report accusing her of custodial interference and when they executed a state

5  court writ of habeas corpus to retrieve certain minor children from her home.

6       For these reasons, the Court should grant OPD defendants' summary judgment motion

7  (Dkt. 43) and should dismiss all claims against them with prejudice.  Plaintiff Taylor's motion to

8  admit evidence (Dkt. 50) is granted.

9

10                                    **BACKGROUND**

11    **I.  Allegations in the Operative Complaint**

12       In addition to the OPD defendants, plaintiffs bring suit against a variety of CPS workers

13  and others who appear to be employees of the State.  *See* Dkt. 28, at 9–11.  The allegations of

14  plaintiffs' complaint are somewhat unclear but appear to be as follows.  In February 2017,

15  defendant Donald allegedly "filed a false custodial interference report" against plaintiff Taylor as

16  part of a conspiracy with an individual against whom plaintiff had obtained a court order.  *See*

17  Dkt. 28, at 5.  That individual allegedly sent people to plaintiff's house, threatened her, and had

18  false testimony provided against her, yet plaintiff Taylor was not protected from him and CPS

19  failed to investigate allegations against him.  *See* Dkt. 28, at 5, 12.

20       Separately, plaintiffs allege that in May 2017, Elmer Dimas severely beat JD (his son),

21  with certain State defendants then failing to take action and even providing allegedly false

22  testimony and reports supporting Dimas.  *See* Dkt. 28, at 12.  Plaintiff Taylor alleges that CPS

23

24

REPORT AND RECOMMENDATION - 2

1  workers told police that she had inflicted the injuries, so that Tacoma police interrogated her,

2  rather than investigating Dimas.  Dkt. 28, at 12.

3      Plaintiffs allege that in September 2017, OPD defendants other than defendant Donald

4  "enforced a non proper writ of habeas corpus" and "illegally extracted" a minor, JD, from

5  plaintiff Taylor's home and placed him back in a residence where Dimas could abuse him.  In

6  October, "CPS [allegedly] stated on the record" that Dimas' children were not suffering abuse.

7  Dkt. 28, at 13.  Plaintiffs allege that in December 2017, Dimas attacked JD, another minor (ND),

8  and plaintiff Sandra Brown and her unborn baby (ED).  Dkt. 28, at 5–7.  Plaintiff Taylor alleges

9  that State defendants continued to interrogate and falsely accuse her.  Dkt. 28, at 12.

10     Plaintiffs bring claims under § 1983 for violations of the Fourteenth Amendment, 18

11 U.S.C. § 241, "conspiracy against rights"; 18 U.S.C. § 242, "deprivation of rights under color of

12 law"; and 34 U.S.C. § 12601.  Dkt. 28, at 3–4.  Against OPD defendants, her claims center on

13 defendant Donald's alleged false report against her and the other OPD defendants' alleged

14 execution of the illegal writ of habeas corpus.

15          **II.  OPD Summary Judgment Motion and Plaintiff Taylor's Responses**

16     OPD defendants have moved for summary judgment dismissal of the claims against them

17 on a variety of grounds.  *See* Dkt. 43.  With their summary judgment motion, OPD defendants

18 filed a notice of dispositive motion warning plaintiffs that if the summary judgment motion is

19 granted, some of their claims may be dismissed without proceeding to trial.  *See* Dkt. 42.  The

20 State defendants take no position on OPD defendants' motion.  Dkt. 45.

21     Plaintiff Taylor has filed responses to the OPD motion.  *See* Dkts. 47, 48, 50.  Among

22 these responses is a "motion to admit evidence" (Dkt. 50), which the Court rules on before

23 making a recommendation on the summary judgment motion.

24

# I.  EVIDENTIARY MOTION

Plaintiff Taylor seeks to have admitted as evidence a dispatch report in which the minors' parents apparently requested that police "pick up" their children from plaintiff's home.  *See* Dkt. 50, at 4.  OPD defendants oppose the Court's consideration of this evidence in response to their summary judgment motion on the basis that it is irrelevant, that plaintiff has not laid the foundation for its admission, and that it is hearsay.  *See* Dkt. 55.

The Court notes that defendants do not challenge the authenticity of the document, instead making a procedural challenge regarding plaintiff Taylor's failure to address foundation.  *See* Dkt. 55.  Although generally a lack of proper foundation bars the admission of evidence to support a summary judgment motion, the Court finds that although unauthenticated, the document could be authenticated at trial and may be considered in the analysis herein.  *See Hal Roach Studios, Inc. v. Feiner & Co.,* 896 F.2d 1542, 1551 (9th Cir. 1990).  The document is relevant to plaintiffs' claims about the writ of habeas corpus and does not bear on the truth of the matter asserted (that is, whether or not the writ of habeas corpus ultimately obtained was delivered to the sheriff).  OPD defendants do not appear to contest that, in fact, there was a removal from plaintiff's Taylor's home.  *See* Dkt. 43, at 9–10.

Therefore, the Court grants the motion to admit evidence and considers the call report as appropriate herein.  However, as discussed below, even considering this document, the undersigned recommends granting the summary judgment motion.

# II.  SUMMARY JUDGMENT MOTION

OPD defendants argue that dismissal of the claims against them with prejudice is appropriate because even viewing the evidence in the light most favorable to them, plaintiffs

1   have not come forward with evidence from which a trier of fact could find in their favor. *See*

2   Dkt. 43, at 4.  The undersigned agrees for the reasons set forth below.

3       **A.  Legal Standard**

4       The Court "shall grant" summary judgment where "there is no genuine dispute as to any

5   material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A

6   party may show the existence of no genuine factual dispute by "showing that the materials cited

7   do not establish the absence or presence of a genuine dispute, or that an adverse party cannot

8   produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  The evidence, as

9   well as all justifiable inferences drawn from it, must be viewed in the light most favorable to the

10  nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

11  (1986).

12      Summary judgment is therefore appropriate against—

13       a party who fails to make a showing sufficient to establish the existence of an
         element essential to that party's case, and on which that party will bear the burden
14       of proof at trial. . . .  [A] complete failure of proof concerning an essential element
         of the nonmoving party's case necessarily renders all other facts immaterial.  The
15       moving party is "entitled to a judgment as a matter of law" because the nonmoving
         party has failed to make a sufficient showing on an essential element of her case
16       with respect to which she has the burden of proof.

17  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

18      If the moving party meets its burden, the burden shifts to the opposing party to establish

19  genuine material factual issues. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  The opposing

20  party may not rest upon the pleadings' mere allegations or denials but must present evidence of

21  specific disputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Conclusory

22  statements cannot defeat a properly supported summary judgment motion. *Scott v. Rosenberg*,

23  702 F.2d 1263, 1271–72 (9th Cir. 1983).  A verified complaint may be used as an affidavit in

24

1   opposition to the motion.  *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *McElyea v.*

2   *Babbitt*, 833 F.2d 196, 197–98 (9th Cir. 1987) (per curiam).

3          Because plaintiff is *pro se*, the Court "must consider as evidence in [her] opposition to

4   summary judgment all of [plaintiff's] contentions offered in motions and pleadings, where such

5   contentions are based on personal knowledge and set forth facts that would be admissible in

6   evidence, and where [plaintiff] attested under penalty of perjury that the contents of the motions

7   or pleadings are true and correct."  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

8          To prevail on a section 1983 claim, a plaintiff must establish that a person acting under

9   color of state law deprived plaintiff of rights, privileges, or immunities secured by the

10  Constitution or laws of the United States.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

11  *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

12         **B.  *Pro Se* Status and Claims on Behalf of Others**

13         Here, plaintiff Taylor seeks to bring claims on behalf of the minor children listed in the

14  complaint.  Further, although plaintiff Brown signed the complaint (Dkt. 28, at 14), from

15  plaintiff Taylor's responses to the summary judgment motion, it appears that plaintiff Taylor is

16  attempting to litigate claims on plaintiff Brown's behalf.  *See* Dkt. 47, at 1, 13.

17         *Pro se* plaintiffs may proceed on behalf of themselves, but not on behalf of others.  *See*

18  28 U.S.C. § 1654.  The Ninth Circuit has held that a non-lawyer "has no authority to appear as an

19  attorney for others than himself" and that without the benefit of a lawyer, an individual cannot

20  bring suit on behalf of a minor in federal court.  *Johns v. Cty. of San Diego*, 114 F.3d 874, 876–

21  77 (9th Cir. 1997) (internal citation omitted).

22         Plaintiff's attempt to bypass these rules by relying on a durable power of attorney is not

23  availing.  Plaintiff must actually be an attorney properly admitted to this Court in order to

24

REPORT AND RECOMMENDATION - 6

1    represent another person. A power of attorney document is inadequate. *Accord Vanzant v.*

2    *Wilcox*, No. 115CV00118BLWCWD, 2018 WL 4762115, at *1 (D. Idaho Oct. 2, 2018); *Malinay*

3    *v. Nishimura*, No. CIV. 13-00372 SOM, 2013 WL 4240460, at *1 (D. Haw. Aug. 14, 2013). A

4    power of attorney document is not a license to engage in the unauthorized practice of law.

5           Because plaintiff is *pro se* and can only bring claims on behalf of herself, the Court

6    should dismiss all claims brought by plaintiff against OPD defendants purportedly on behalf of

7    others. As a matter of law, plaintiff cannot prevail on these claims as long as she is *pro se*, so

8    that summary judgment dismissal is appropriate. *See* Dkt. 43, at 8–9.

9           For the remainder of the analysis, the undersigned discusses only claims brought by

10   plaintiff Taylor. However, because these claims are co-extensive with claims purportedly

11   brought by the other plaintiffs, the discussion below is an alternative, independent ground to

12   dismiss the claims brought by other plaintiffs.

13          **C. Claims under the U.S. Criminal Code**

14          Plaintiffs' reliance on portions of the U.S. Criminal Code—18 U.S.C. §§ 241, 242—is

15   also unavailing. The Ninth Circuit has held that neither of these statutes provide for a private

16   right of action, so that plaintiffs cannot bring a civil case under § 1983 premised on violation of

17   the statutes. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C.

18   §§ 241–42 provide no private right of action and cannot form basis for civil suit). As for

19   plaintiffs' reliance on a portion of the Violent Crime Control and Law Enforcement Act of 1994,

20   34 U.S.C. § 12601, subsection (b) of this statute authorizes only the Attorney General to bring a

21   civil action under the statute to "obtain appropriate equitable and declaratory relief to eliminate

22   the pattern or practice." Again, there is no private right of action to bring suit for violation of

23   this statute.

24

REPORT AND RECOMMENDATION - 7

1    Plaintiffs' claims against OPD defendants under 18 U.S.C. §§ 241–42 and 34 U.S.C. §

2   12601 should therefore be dismissed because as a matter of law, plaintiff has no private right of

3   action under those statutes.

4            **D.  Plaintiffs' Remaining Claims against OPD Defendants**

5            Plaintiffs' remaining claims are for violations of the Fourteenth Amendment by OPD

6   defendants.  Plaintiff Taylor states that she seeks to bring claims against these defendants in their

7   official capacities for damages and injunctive relief.  *See* Dkt. 28, at 9–11, 13.  In her response to

8   the summary judgment motion, she expressly disavows that she is bringing claims against

9   individuals in their personal capacities.  Dkt. 47, at 7.

10            Claims against defendants in their official capacities under these circumstances are

11   essentially claims against the municipality (here, the City of Olympia).  *See Monell v. Dep't of*

12   *Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978) ("[O]fficial-capacity suits

13   generally represent only another way of pleading an action against an entity of which an officer

14   is an agent[.]").  To prevail on such a claim, a plaintiff must show "a municipal 'policy' or

15   'custom' that caused the plaintiff's injury."  *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*,

16   520 U.S. 397, 403 (1997).  A theory of supervisory liability alone is inadequate.  *See id.*

17            Here, however, in response to the summary judgment motion, plaintiff Taylor provides

18   no evidence of a custom or practice of the City of Olympia that was the moving force behind the

19   alleged constitutional violations.  Although her claims against defendant Donald appear to be

20   founded on allegations that he conspired to have her accused of custodial interference, she does

21   not provide any evidence from which the Court could find that this was a product of municipal

22   custom or policy.  Nor does she provide any such evidence in support of her claims against the

23   other OPD defendants, who allegedly illegally extracted a minor from her home.  Indeed,

24

1  plaintiff's response to the OPD summary judgment motion focuses primarily on her allegations

2  about the State defendants—who do not join in the summary judgment motion.  See Dkt. 45.

3       In her opposition to the summary judgment motion, plaintiff appears to incorporate by

4  reference her prior arguments in another document that unspecified defendants have a "pattern of

5  . . continuously omitting material facts within defendants['] arguments as a tactic to confuse the

6  courts and presents Plaintiff[']s said actions within the light of being a child custody case instead

7  of being a negligent and malice case being brought under deprivation of one's legal rights."  Dkt.

8  47, at 10.  The undersigned has reviewed plaintiff's arguments in the document referenced and

9  finds no contentions made on personal knowledge that would establish a pattern or practice

10 sufficient on which to find the City of Olympia liable.  *See* Dkt. 27; *see also Jones*, 393 F.3d at

11 923.  Moreover, because this document is not signed under penalty of perjury, even if plaintiff

12 made such statements, the Court could not take them as true in opposition to the OPD summary

13 judgment motion.  *See* Dkt. 27, at 12; *Jones*, 393 F.3d at 923.

14      Separately from showing a municipal custom or policy, to prevail, plaintiff would also

15 have to show an underlying constitutional violation.  She appears to allege claims against OPD

16 defendants other than defendant Donald for violation of due process and against defendant

17 Donald for malicious prosecution related to a report he filed about plaintiff and NF.  *See* Dkt. 27,

18 at 5, 10.  Regarding the latter claim, plaintiff "must show that the defendants prosecuted [her]

19 with malice and without probable cause, and that they did so for the purpose of denying [her]

20 equal protection or another specific constitutional right."  *Freeman v. City of Santa Ana*, 68 F.3d

21 1180, 1189 (9th Cir. 1995).  Plaintiff has provided no evidence that she was "prosecuted" for

22 custodial interference in any sense, relying solely on an unsupported accusation that defendant

23 Donald filed a false report against her.  *E.g.* Dkt. 48, at 12.

24

REPORT AND RECOMMENDATION - 9

1    Regarding her claims against the other OPD defendants, plaintiff asserts that an improper

2    writ of habeas corpus formed the basis for these defendants' illegal extraction of a minor from

3    her home. *E.g.* Dkt. 48, at 7. The basis for her argument appears to be that such a writ was not

4    valid because it was allegedly not filed with the Thurston County Sheriff's Office. *See* Dkt. 48,

5    at 7.

6    A state court "writ of habeas corpus" may be prosecuted for a person to "inquire into the

7    cause of [his or her] restraint" and to be "delivered therefrom when illegal." RCW 7.36.010. A

8    parent or guardian may also apply for such a writ related to the restraint of an "infant[] and

9    incompetent or disabled person[.]" RCW 7.36.020. "If the writ be directed to any other person,

10   it shall be delivered t!Qo the sheriff and shall be by him or her served by delivering the same to

11   such person without delay." RCW 7.36.070.

12   Plaintiff does not provide any evidence that the writ under which OPD defendants

13   allegedly acted was not delivered to the sheriff without delay, or if this was not the case,

14   explaining how the OPD defendants' actions contributed to this. The call report that plaintiff

15   relies on does not shed any light on whether the writ was delivered to the sheriff. Because she

16   has provided no evidence other than conjecture to support her theory of a constitutional

17   violation, a trier of fact could not find in her favor and summary judgment dismissal of these

18   claims should be granted.

19

20                                          **CONCLUSION**

21   The undersigned recommends that OPD defendants' summary judgment motion (Dkt. 43)

22   be granted, that all claims against OPD defendants be dismissed with prejudice, and that OPD

23

24

REPORT AND RECOMMENDATION - 10

1 | defendants be dismissed from this action.  Plaintiff's motion to admit evidence (Dkt. 50) is

2 | granted.

3 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4 | fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

5 | 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

6 | review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

7 | of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

8 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

9 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 3, 2020,**

10 | as noted in the caption.

11 | Dated this 12th day of June, 2020.

12

13

14

15 | J. Richard Creatura
   | United States Magistrate Judge

16

17

18

19

20

21

22

23

24