UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE TAYLOR, *et al.*,

          Plaintiffs,

v.

ROSS MACDOUGALL, *et al.*,

          Defendants.

CASE NO. 2:19-cv-01869-RAJ-JRC

ORDER DENYING MOTION "FOR PROTECTIVE ORDER"

This matter is before the Court on plaintiff's motion "for protective order," which is a request to seal certain documents and motions that she has filed. *See* Dkt. 64. Because plaintiff has neither complied with the requirements to file documents under seal nor provided any reason justifying her request to seal the documents, the Court denies the motion for a protective order—which the Court interprets as a motion to seal. The motion to seal (Dkt. 64) and plaintiff's related motion for admission of evidence (Dkt. 62) will be stricken from the docket because they contain unredacted personal information and because plaintiff did not obtain leave of court to

ORDER DENYING MOTION "FOR PROTECTIVE ORDER" - 1

1  bring these motions under seal. Plaintiff's motion for production of ESI will be unsealed and
2  ruled on by separate order. Dkt. 63.

**DISCUSSION**

Plaintiff, who is *pro se*, seeks to have certain documents filed under seal, including Washington State Court orders and other court records, medical records, investigative reports, screen shots of text messages, a prosecutor's case disposition form, and a past-due collections notice for delinquent child support. *See* Dkt. 64. Plaintiff has contemporaneously filed a motion to admit evidence—namely the documents that she seeks to have filed under seal (*see* Dkt. 62) and a motion for production of electronically stored information (a motion that she also filed under seal). *See* Dkt. 63. Certain defendants oppose the motion to seal, and that motion is now ripe for the Court's decision. *See* Dkt. 69.

Local Civil Rule 5(g) imposes several requirements before the Court will grant a motion to seal. First, plaintiff must either (1) cite a statute, rule, or prior court order that expressly authorizes her to file the document under seal or (2) file a "motion to seal" at the same time that she files the documents she wishes to have sealed. LCR 5(g)(2). As noted, because plaintiff is *pro se*, the Court interprets her "motion for a protective order" as a contemporaneous motion to seal. *See* LCR 5(g)(2).

Plaintiff must also mark the first page of her documents filed under seal "prominently" with the phrase "FILED UNDER SEAL." Plaintiff has not done so (*see* Dkt. 64, at 1), and is cautioned that in the future, she must mark her documents accordingly if she wishes to file sealed documents. *See also* LCR 5(g)(9) ("When a party files a paper copy of a sealed document, the party shall seal the document in an envelope marked with the case caption and the phrase

1 | 'FILED UNDER SEAL.'").

2 | Local Civil Rule 5(g)(3) imposes requirements that the parties meet and confer regarding whether to seal the documents and that plaintiff include her reasons for requesting to seal the documents before the Court will grant a motion to seal:

> A motion to seal a document, even if it is a stipulated motion, must include the following:
> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
> i. the legitimate private or public interests that warrant the relief sought;
> ii. the injury that will result if the relief sought is not granted; and
> iii. why a less restrictive alternative to the relief sought is not sufficient
> Evidentiary support from declarations must be provided where necessary.

Here, plaintiff does not explain how she has satisfied any of these requirements before moving to seal the documents.  Plaintiffs' documents are attached to a motion to admit evidence, and for documents attached to a non-dispositive motion, a party must make a particularized showing of good cause for sealing the documents.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Plaintiff has not made any such particularized showing.

Because plaintiff fails to comply with any of the requirements for filing documents under seal, her motion to seal is denied.  Plaintiff is cautioned that, if she brings a future motion to seal, she must "minimize the number of documents [she] files under seal and the length of each document [she] files under seal." LCR 5(g)(4).  She must also redact confidential information described in LCR 5.2(a).

If a motion to seal is denied, the Clerk will generally either unseal the document or will allow the document to be withdrawn, if plaintiff has so requested.  *See* LCR 5(g)(6).  Here,

1 plaintiff has not requested that the documents be withdrawn if not sealed. The Court therefore

2 directs the Clerk's Office to unseal plaintiff's motion for admission of electronically stored

3 evidence (Dkt. 63). The Court will rule on this motion, which is not yet ripe for decision, by

4 separate order.

5 Regarding plaintiff's "motion to admit evidence" and "motion for protective order," the

6 documents that plaintiff has submitted are replete with information that must be redacted under

7 Local Civil Rule 5.2(a). *See* LCR 5.2(a) ("Parties shall refrain from including, or shall partially

8 redact where inclusion is necessary, the following personal data identifiers from all documents

9 filed with the court or used as exhibits in any hearing or at trial, unless otherwise ordered by the

10 court: (1) Dates of Birth - redact to the year of birth, unless deceased, (2) Names of Minor

11 Children - redact to the initials, unless deceased or currently over the age of 18. . . ."). Because

12 plaintiff has filed these documents with personal information unredacted, the Court orders the

13 Clerk's Office to strike docket numbers 62 and 64 from the record. Plaintiff may refile her

14 motion to admit evidence (Dkt. 62) if she redacts the information discussed in LCR 5.2(a).

## CONCLUSION

16 Plaintiff's motion for protective order (Dkt. 64) is denied and will be stricken from the

17 docket. Plaintiff's motion to admit evidence (Dkt. 62) is stricken from the docket. Plaintiff may

18 refile her motion to admit evidence if she redacts personal information as required by LCR

19 5.2(a). Plaintiff's motion for production of ESI (Dkt. 63) is unsealed and will be ruled on by the

20 Court in due course.

21 Dated this 14th day of July, 2020.

J. Richard Creatura
United States Magistrate Judge