UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE TAYLOR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROSS MACDOUGALL, *et al.*, <br><br> Defendants. | CASE NO. 2:19-cv-01869-RAJ-JRC <br><br> ORDER ON MOTION TO PRODUCE ELECTRONICALLY STORED INFORMATION |

This matter is before the Court on plaintiff Taylor's "Rule 34 Motion in Order [to] Request . . . Production of [Electronically Stored Information]." Dkt. 63, at 1. Plaintiff Taylor, who is *pro se*, appears to assert that certain State defendants failed to disclosure electronically stored information ("ESI") within 30 days of the Fed. R. Civ. P. 26(f) conference. *See* Dkts. 63; 74, at 5–6.

Pursuant to the Court's local civil rules, before bringing a motion to compel, the moving party must initiate a "good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." Local Civil Rule 1(c)(6). The Court will not

1  grant a motion to compel unless the moving party complies with the meet-and-confer

2  requirement:

3      Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

8  LCR 37(a)(1).

9      Here, plaintiff does not certify that she conferred—or attempted to confer—with the

10  opposing parties before bringing her motion. Instead, she relies on her statement in the Joint

11  Status Report that "Plaintiffs would like an Order or Defendants[] to make reasonable

12  accommodations for Plaintiffs under Federal Rule 34 to gain access to Copies of Electronically

13  Stored Information relevant to supporting their case." Dkt. 38, at 4.

14      This is not an agreement of the parties, nor is it a proper request from plaintiff to

15  defendants to provide such information. Neither is it an attempt to meet and confer, as required

16  by the Local Civil Rules. Plaintiff has not certified that she satisfied (or in good faith attempted

17  to satisfy) the meet-and-confer requirement before bringing her motion, and she does not appear

18  to have ever requested production of designated ESI (*see* Fed. R. Civ. P. 34(a)) by defendants.

19  Therefore plaintiff's motion for production of ESI (Dkt. 63) is denied.

20      Dated this 27th day of July, 2020.

J. Richard Creatura
United States Magistrate Judge