1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        WESTERN DISTRICT OF WASHINGTON
         AT TACOMA

10   STEPHANIE TAYLOR, *et al.*,

11                    Plaintiffs,          CASE NO. 2:19-cv-01869-RAJ-JRC

12        v.                                REPORT AND RECOMMENDATION

                                            NOTED FOR: October 9, 2020
13   ROSS MACDOUGALL, *et al.*,

14                    Defendants.

15       This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate

16   Judge by the District Court. Plaintiff Stephanie Taylor, acting *pro se*, purportedly represents

17   plaintiffs. She alleges that various state actors tried to "frame" her for abuse of a minor and that

18   by failing to investigate the actual perpetrator of the abuse, these actors allowed the abuse to

19   continue.

20       The remaining defendants in this matter—Washington State employees and officials Ross

21   MacDougal, Paula McKerchie, Debbie Lynn, Kui Hug, Amanda Verla, and Ciara Murphy

22   (collectively "moving defendants")—now move for dismissal of the claims against them. Their

23   motion should be granted. Because the power-of-attorney document that plaintiff relies on does

24   not allow her, acting *pro se*, to represent other plaintiffs, all claims on behalf of plaintiffs other

1   than Taylor should be dismissed without prejudice. Claims brought under a federal criminal law
2   should be dismissed with prejudice, since the statute at issue does not provide for a civil remedy.
3   Finally, the claims for damages against actors in their official capacities are barred by the
4   Eleventh Amendment, and the claims for injunctive relief (namely, ordering charges to be
5   pressed against a third party) request a remedy that that this Court is without jurisdiction to grant.
6   Leave to amend should be granted, but only to plaintiff Taylor to reassert claims, if appropriate,
7   for damages against the moving defendants in their individual—rather than official—capacities.

**BACKGROUND**

9   Plaintiffs are Taylor, Sandra Brown, and a variety of minor children. *See generally* Dkt.
10  28. As noted, the moving defendants are state employees, including Child Protective Services
11  ("CPS")/Family Assessment Response ("FAR") workers, social services workers, and a
12  Behavioral Rehabilitation Services worker ("BRS"). Dkt. 28, at 9–10.
13  The allegations in plaintiffs' complaint are somewhat unclear but, related to the moving
14  defendants, appear to be as follows. In February 2017, CPS allegedly failed to investigate
15  allegations against a third-party who sent people to plaintiff Taylor's house, threatened her, and
16  caused false testimony to be given against her. *See* Dkt. 28, at 5, 12. Apparently unrelated to
17  this incident, plaintiffs also allege that in May 2017, another third-party, Elmer Dimas, severely
18  beat JD (his son). Defendant McKerchie, the BRS program manager, allegedly failed to
19  investigate the assault. Dkt. 28, at 12. According to plaintiffs, defendant Varla, a Social
20  Services specialist, interrogated minor NF "to try [to] falsely incriminate" plaintiff Taylor. Dkt.
21  28, at 12. And, plaintiffs allege, in August 2017, Tacoma police interrogated plaintiff Taylor
22  "because [CPS] social workers told them that minor (JD) was in Ms. Taylor's physical care

during the time of his injuries[.]" Dkt. 28, at 12.

Plaintiffs assert that CPS claimed that there had been no abuse but failed to investigate Dimas for abusing JD or another child, ND. Dkt. 28, at 12. Instead, plaintiffs allege that CPS relied on false statements from defendant Murphy, a "FAR/CPS" worker. Dkt. 28, at 13. Plaintiffs allege that in December 2017, Dimas attacked JD, MD, plaintiff Sandra Brown, and her unborn child (ED). Dkt. 28, at 5–7. Plaintiff Taylor alleges that State defendants continued to interrogate and falsely accuse her. Dkt. 28, at 12.

Plaintiffs bring claims under § 1983 for violations of the Fourteenth Amendment, 18 U.S.C. § 242, and "deprivation of rights under color of law." Dkt. 28, at 10. Plaintiffs also list several state law torts, including "negligence," "defamation," and "slander." Dkt. 28, at 13.

Currently pending before the District Court is the undersigned's report and recommendation to dismiss with prejudice plaintiffs' claims against various members of the Olympia Police Department. *See* Dkt. 59. The moving defendants have also filed a motion seeking dismissal of plaintiffs' claims against them under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 75. Plaintiff has filed her response (*see* Dkts. 82, 85), moving defendants have filed their reply (Dkt. 88), and the matter is ripe for decision.

## DISCUSSION

### I. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to

1  relief above the speculative level[.]" *Id.* "[A] complaint must contain sufficient factual matter,
2  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
3  U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

4      A court must accept as true all factual allegations—but not legal conclusions—when
5  reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556
6  U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their
7  veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*
8  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a
9  sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S.
10 at 556).

11     When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally
12 and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th
13 Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears
14 beyond doubt that the plaintiff can prove no set of facts in support of his claim which would
15 entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation
16 omitted). Nevertheless, this Court will not supply essential elements of the claim that were not
17 initially pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

18     **II. Miscellaneous Preliminary Matters**

19     As a general matter, plaintiffs rely on a variety of arguments related to purported
20 discovery disputes and other evidentiary matters in response to moving defendants' arguments
21 for dismissal. However, in ruling on a motion to dismiss, the Court confines its analysis to the
22 allegations of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F3d 977, 980
23 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a
24

motion to dismiss."). Here, the alleged evidentiary issues are unrelated to whether, taking the allegations of plaintiffs' complaint as true, plaintiffs have stated a claim upon which relief can be granted. These alleged issues do not defeat the motion to dismiss and are not discussed further.

Further, to the extent that plaintiffs request leave to amend the complaint to include new legal claims or allegations (*see* Dkt. 81, at 4–5), such request should not be included in a response to a motion to dismiss. The undersigned recommends granting permission to amend the complaint in the particular aspects discussed in this Report and Recommendation, but plaintiff Taylor should be aware that she will not be allowed to renew any claims dismissed with prejudice. And, if plaintiff wishes to renew claims that she is not specifically granted leave to amend, she must comply with the requirements of Local Civil Rule 15:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

Plaintiffs have also filed a response to moving defendants' reply in support of their motion to dismiss. *See* Dkt. 86. To the extent that plaintiffs request that the Court accept their untimely response, the Court has already ruled that the response (Dkt. 81) will be considered. *See* Dkt. 85. Because the sur-reply was not properly filed (*see* LCR 7(g)), the Court declines to further address the arguments therein.

**III. Claims on Behalf of Others**

Plaintiff Taylor seeks to bring claims on behalf of the minor children listed as plaintiffs in the complaint. Further, although plaintiff Brown signed the complaint (Dkt. 28, at 14), from

plaintiff Taylor's response to the motion to dismiss, it appears that plaintiff Taylor is attempting to litigate claims on plaintiff Brown's behalf. *See* Dkt. 81, at 8.

*Pro se* plaintiffs may proceed on behalf of themselves, but not on behalf of others. *See* 28 U.S.C. § 1654. The Ninth Circuit has held that a non-lawyer "has no authority to appear as an attorney for others than h[er]self" and that without the benefit of a lawyer, an individual cannot bring suit on behalf of a minor in federal court. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997) (internal citation omitted).

Plaintiff Taylor's attempt to bypass these rules by relying on a durable power of attorney is not availing. Plaintiff Taylor must actually be an attorney properly admitted to this Court in order to represent another person. A power of attorney document is inadequate. *Accord Vanzant v. Wilcox*, No. 115CV00118BLWCWD, 2018 WL 4762115, at *1 (D. Idaho Oct. 2, 2018); *Malinay v. Nishimura*, No. CIV. 13-00372 SOM, 2013 WL 4240460, at *1 (D. Haw. Aug. 14, 2013). A power of attorney document is not a license to engage in the practice of law.

Because plaintiff Taylor is *pro se* and can only bring claims on behalf of herself, the Court should dismiss all claims brought by plaintiff Taylor against moving defendants purportedly on behalf of others. As a matter of law, plaintiff Taylor cannot prevail on these claims as long as she is *pro se*. For the remainder of the analysis, the undersigned discusses only claims brought by plaintiff Taylor. However, because these claims are co-extensive with claims purportedly brought by the other plaintiffs, the discussion below is an alternative, independent ground to dismiss the claims brought by other plaintiffs.

**IV.  Claims under 18 U.S.C. § 242 Not Cognizable**

Plaintiff Taylor's reliance on a portion of the U.S. Criminal Code—18 U.S.C. § 242—is also unavailing. The Ninth Circuit has held that this statute does not provide for a private right

of action, so that plaintiffs cannot bring a civil case under § 1983 premised on violation of the statute. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. § 242 provides no private right of action and cannot form basis for civil suit). Plaintiff Taylor's claims under 18 U.S.C. § 242 should be dismissed with prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**V. Remaining Claims**

Plaintiff Taylor also brings claims for damages premised on alleged violations of the Fourteenth Amendment—claims that she brings against defendants in their official capacities. *See* Dkt. 28, at 9–11, 13. However, claims in federal court brought against state officials in their official capacities for damages are barred by the Eleventh Amendment. *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). Thus, plaintiff's claims for damages against state officials in their official capacities are not cognizable in this action.

In addition to her federal claims, plaintiff Taylor appears to seek to bring claims against defendants on the basis of various state-law torts that defendants allegedly committed. Again, however, inasmuch as plaintiff sues defendants in their official capacities for damages, these claims are not viable. *See Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992), *as amended* (Oct. 9, 1992).

Regarding plaintiff's claims for injunctive relief, suits against an official for prospective relief in federal court are generally cognizable (unlike claims for retrospective relief such as damages). *Green v. Mansour*, 474 U.S. 64, 68 (1985). However, the injunctive relief that plaintiff seeks is having Dimas (a third party) found guilty of felony assault. *See* Dkt. 28, at 13. This Court lacks jurisdiction over persons who have not been properly served as defendants in this matter. Moreover, the Court lacks authority to order that a person to be prosecuted as a

remedy in a civil case. *E.g. Presley v. Presley*, 102 F. App'x 636, 636 (10th Cir. 2004) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)) ("Broad [prosecutorial] discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review."). Thus plaintiff Taylor's claims for injunctive relief are not cognizable, either.

In addition to explicitly characterizing their claims as being against defendants in their official capacities in the complaint, plaintiff Taylor has resisted any interpretation of plaintiffs' claims as being brought against defendants in their "individual" or "personal" capacities. *See* Dkt. 47, at 7. In response to the motion to dismiss, plaintiffs continue to assert that they may bring claims against officials of a government body. Dkt. 81, at 2. However, as noted above, the authority is to the contrary. Even if someone is acting "under color of state law," a suit against that person in his or her official capacity may be barred by the Eleventh Amendment. Thus plaintiff Taylor's argument that her claims are cognizable because defendants were "acting under the Color of Law" is not a valid reason to deny the motion to dismiss. *See* Dkt. 81, at 5.

A *pro se* litigant should be granted leave to amend unless it is clear that any amendment would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, plaintiff Taylor could potentially amend her claims to be against the moving defendants in their individual capacities, and the motion to dismiss contains no argument that plaintiff Taylor could not plausibly allege Fourteenth Amendment violations against moving defendants in their individual capacities in an amended complaint. Thus plaintiff Taylor should be granted leave to amend her complaint but only to assert her own claims against the moving defendants in their individual capacities.

**CONCLUSION**

For the reasons set forth above, the Court recommends that the motion to dismiss (Dkt. 75) be granted. All plaintiffs other than plaintiff Taylor should be terminated from this action. Claims against the moving defendants should be dismissed. However, the dismissal of the claims against the moving defendants other than the claims under 18 U.S.C. § 242 should be with leave to amend, if plaintiff Taylor reasserts these claims against these defendants in their individual capacities and on behalf of plaintiff Taylor, only. Plaintiff Taylor should be granted 30 days from the date of District Court's Order on this Report and Recommendation in which to file an amended complaint on the Court's form, if she wishes.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 9, 2020** as noted in the caption.

Dated this 16th day of September, 2020.

J. Richard Creatura
United States Magistrate Judge