UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE TAYLOR, *et al.*,

    Plaintiffs,

  v.

THE STATE OF WASHINGTON DEPARTMENT OF JUVENILE YOUTH AND FAMILY SERVICES - FAR AND CPS DEPARTMENT, *et al.*,

    Defendants.

CASE NO. 2:19-cv-01869-RAJ-JRC

ORDER ON MISCELLANEOUS MOTIONS

This matter is before the Court on plaintiff's motions for the appointment of counsel (Dkt. 91), to certify a class (Dkt. 93), and for "Rule 16 Case Management."  Dkt. 94.

**BACKGROUND**

Plaintiff initiated this matter *pro se* in November 2019.  Dkt. 1.  The undersigned denied plaintiff's motion for the appointment of counsel, which she filed shortly after initiating the case.  *See* Dkt. 29.

Plaintiff brings suit—purportedly on behalf of herself and others—against various state and local government employees and officials under 42 U.S.C. § 1983 and state law. *See* Dkt. 28, at 10, 13. Currently pending before the District Court are the undersigned's report and recommendations. In one report and recommendation, the undersigned recommends dismissing plaintiff's claims against various police officer defendants with prejudice because plaintiff cannot bring claims on behalf of others and because she has not come forward with any admissible evidence tending to support her claims. *See* Dkt. 59, at 2. In the second report and recommendation, the undersigned recommends dismissing the remainder of plaintiff's claims, which are brought against various state defendants. Dkt. 89, at 1. The undersigned further recommends granting leave to amend, although plaintiff would only be allowed to amend her claims for damages against state defendants in their individual capacities. Dkt. 89, at 2.

## MOTION FOR COUNSEL

Plaintiff requests the appointment of *pro bono* counsel to represent her. Dkt. 91.

There is no constitutional right to appointed counsel in a civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

1  Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these

2  factors is dispositive and both must be viewed together[.]" *Id.*

3        Plaintiff has not demonstrated the exceptional circumstances necessary to justify the

4  appointment of counsel. She has not provided any reason justifying her request. *See* Dkt. 91.

5  Her *pro se* status, alone, is inadequate. Nor are plaintiff's claims so complex that she cannot

6  articulate them *pro se*. In addition, plaintiff has not shown a likelihood of success on the merits

7  at this early stage. Therefore, her motion for the appointment of counsel (Dkt. 91) is denied.

8  **MOTION FOR CLASS CERTIFICATION**

9        The Court has recommended dismissal of plaintiff's complaint (Dkt. 28) with leave to

10  amend. The Court notes that although plaintiff has filed four subsequent amended complaints,

11  she did not properly do so, since she was no longer allowed to amend her complaint as of right

12  when she filed these complaints. *See* Fed. R. Civ. P. 15(a) (requiring leave of Court to amend a

13  complaint after the first amendment). Thus the operative complaint remains Dkt. 28, until

14  plaintiff has obtained the Court's leave to amend and has filed an amended complaint following

15  the Court's instructions.

16        The Court finds that plaintiff's request to certify a class is, at present, premature, in light

17  of the pending reports and recommendations, and her motion for class certification is denied.

18  **MOTION FOR CASE MANAGEMENT ORDER**

19        Plaintiff requests that the Court enter a case management order in light of the complexity

20  of the action and number of named defendants. *See* Dkt. 94, at 2.

21        Fed. R. Civ. P. 16(a) provides for a pretrial conference at the Court's discretion. It also

22  provides for a scheduling order to be issued after receiving the parties' report under Rule 26(f) or

23

24

after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference. Fed. R. Civ. P. 16(b).

The Court has issued its scheduling order. Dkt. 41. And, a pretrial conference in this matter is premature, in light of the pending reports and recommendations.

Therefore, plaintiff's motion for a case management order is denied.

## CONCLUSION

Plaintiff's motions for the appointment of counsel (Dkt. 91), to certify a class (Dkt. 93), and for "Rule 16 Case Management" are denied. Dkt. 94.

Dated this 5th day of November, 2020.

J. Richard Creatura
United States Magistrate Judge