UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON DEP'T OF JUVENILE YOUTH AND FAMILY SERVS. – FAR AND CPS DEP'T, *et al.*,<br><br>    Defendants. | CASE NO. 2:19-cv-01869-RAJ-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: August 13, 2021 |

  The District Court has referred this matter to the undersigned. *See* Dkt. 24. This matter is before the Court on its Order for plaintiff Taylor to file an amended complaint. *See* Dkt. 117. Because plaintiff failed to comply with a Court order and has not provided the Court with an amended complaint that states a claim upon which relief can be granted, this matter should be dismissed without prejudice.

///

///

///

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Plaintiff Taylor, who is *pro se*, filed a complaint that appeared to seek to bring claims on behalf of herself, Sandra Brown, and various minors against various officers of the Olympia Police Department ("OPD") and various State employees. *See generally* Dkt. 28.

In June and September 2020, respectively, the Court issued two reports and recommendations to dismiss certain of the claims and defendants in this matter. Dkts. 59, 89. The District Court adopted both reports and recommendations. Dkts. 113, 114. The District Court dismissed the OPD defendants and the claims under 18 U.S.C. § 242 with prejudice, meaning that plaintiff cannot reassert those claims. And the District Court dismissed claims brought in the names of all plaintiffs other than plaintiff Taylor. Dkt. 114, at 1. The District Court also dismissed claims brought against the remaining, non-OPD defendants. Dkt. 114, at 1–2. However, the Court specifically granted plaintiff leave to amend to assert claims against the non-OPD defendants in their individual capacities, so long as those claims were brought solely in plaintiff Taylor's name. The Court instructed plaintiff that she "shall have 30 days from the date of this Order to file an amended complaint. . . . She cannot reassert claims dismissed with prejudice or claims on behalf of others than herself." Dkt. 114, at 2.

Despite the Court's instruction, plaintiff Taylor did not timely file an amended complaint. On June 15, 2021, the Court granted plaintiff Taylor an additional twenty-eight days to file an amended complaint. Dkt. 117, at 2. The Court warned plaintiff Taylor that a failure to follow the Court's instructions "may result in dismissal of some claims—or the entire lawsuit—for failure to comply with a Court Order." *Id.* Plaintiff Taylor did not file an amended complaint within the twenty-eight days provided by the Court. Therefore, the Court recommends that this matter be dismissed without prejudice for failure to comply with the Court's Order. *See* Dkt. 117.

**CONCLUSION**

1 
2     The undersigned recommends that the district court dismiss the matter without prejudice for failure to comply with a Court Order.

    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 13, 2021, as noted in the caption.

    Dated this 26th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge